**INTERSTATE COMMERCE COMMIS-SION, Appellant,**

v.

**BIG VALLEY GROWERS CO–OP, Appellee.**

**No. 73–1138.**

United States Court of Appeals, Ninth Circuit.

March 18, 1974.

---

14. See paragraphs 20, 21, 22 and 23 of the complaint (Document No. 1 in Civil No. 69–859, E.D.Pa.).

· Mitchell Haller (argued), Robert S. Griswold, Jr., of I.C.C., San Francisco, Cal., Bernard A. Gould and Robert S. Turkington, I.C.C., Washington, D. C., and Carolyn Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

Lawrence Marquette (argued), Sausalito, Cal., for appellee.

Before WRIGHT, CHOY, and SNEED, Circuit Judges.

SNEED, Circuit Judge:

The Interstate Commerce Commission brought this action seeking injunctive relief restraining Big Valley Growers Co-op from refusing to submit its accounts, books, records, memoranda and other documents to the Commission pursuant to Section 220(g) of the Interstate Commerce Act, 49 U.S.C. § 320(g). Big Valley is an agricultural cooperative association which had previously filed notice of its intention to haul non-member goods and other items under Section 203(b)(5) of the Act, 49 U.S.C. § 303(b)(5). The District Court denied the Commission's motion for a preliminary injunction on the ground that Section· 222(b) of the Act, 49 U.S.C. § 322(b), does not confer jurisdiction to grant injunctive relief against agricultural cooperative associations.

The issue on this appeal concerns the availability of injunctive relief when Congress has granted the Commission the authority to inspect the books and records of agricultural cooperatives required to file notice under Section 203(b)(5) but has failed to expressly provide injunctive relief as a means of enforcing that authority.

The activities of "motor carriers" engaged in interstate commerce are subject to control by the Interstate Commerce Commission. 49 U.S.C. § 302. Motor carriers include common carriers by motor vehicle and contract carriers by motor vehicle, 49 U.S.C. § 303(a)(14) et seq., but do not include agricultural cooperatives as defined in the Agricultural Marketing Act, 12 U.S.C. § 1141. 49 U.S.C. § 303(b)(5).

Not surprisingly, many operators began to perform general transportation services under the guise of being exempt agricultural cooperatives. While the Commission had long had the power to inspect the books and records of motor carriers, 49 U.S.C. § ·320(d), and a method of enforcement of such power by means of an injunction, 49 U.S.C. § 322(b)(1), no similar right to inspect the books and records of agricultural cooperatives existed prior to 1968. Following this Circuit's decision in Northwest Agricultural Cooperative Association v. I.C.C., 350 F.2d 252 (9th Cir., 1965), cert. denied 382 U.S. 1011, 86 S. Ct. 620, 15 L.Ed.2d 526 (1966), in 1968 Congress undertook to amend the scope and to refine the availability of the ag-

ricultural cooperative exemption. Section 203(b)(5) of the Act, 49 U.S.C. § 303(b)(5), was amended to restrict the availability of the agricultural cooperative exemption and to require those cooperative associations which haul goods of nonmembers, but nevertheless seek to bring themselves within the scope of the exemption, to file notice with the Commission.[1] Further, the Act was supplemented by the addition of Section 220(g), 49 U.S.C. § 320(g), which gave the Commission the authority to inspect the books and records of those cooperative associations required to file notice with the Commission pursuant to the amended Section 203(b)(5).[2]

The problem in this case arises because Section 222(b)(1), 49 U.S.C. 322(b),[3] which is the relevant injunction provision of the Act, was not amended to make injunctive relief available against agricultural cooperative associations. Thus, if the Act is strictly construed, the Commission has been granted a right but no remedy.

There is nothing in the legislative history of these amendments which would warrant the conclusion that Congress intended to foreclose the availability of injunctive relief in the event that an agricultural cooperative association which files notice pursuant to Section 203(b)(5) refuses to permit inspection of its books and records by the Commission. We feel that the failure to expressly provide injunctive relief is attributable to legislative oversight, and that it is well within the equitable powers of this Court to imply the injunctive

1. 49 U.S.C. § 303(b) provides, *inter alia:*
   Nothing in this chapter . . . shall be construed to include . . . (5) motor vehicles controlled and operated by a cooperative association . . ., but any interstate transportation performed by such a cooperative association . . . for nonmembers who are neither farmers, cooperative associations, nor federations thereof for compensation, except transportation otherwise exempt under this chapter, shall be limited to that which is incidental to its primary transportation operation and shall in no event exceed 15 per centum of its total interstate transportation services. . . : Provided further, that any such cooperative association or federation which performs interstate transportation for non-members . . . shall notify the Commission of its intent to perform such transportation prior to the commencement thereof. . . .

2. 49 U.S.C. § 320(g) provides:
   The Commission or its duly authorized special agents, accountants, or examiners shall, during normal business hours, have access to and authority, under its order, to inspect, examine, and copy any and all accounts, books, records, memorandums, correspondence, and other documents pertaining to motor vehicle transportation of a cooperative association or federation of cooperative associations which is required to give notice to the Commission pursuant to the provisions of section 303(b)(5) of this title: *Provided, however,* That the Commission shall have no authority to prescribe the form of any accounts, records, or memorandums to be main-

tained by a cooperative association or federation of cooperative associations.

3. 49 U.S.C. § 322(b)(1) provides *inter alia:*
   If any motor carrier or broker operates in violation of any provision of this chapter (except as to the reasonableness of rates, fares, or charges and the discriminatory character thereof), or any lawful rule, regulation, requirement, or order promulgated by the Commission, or of any term or condition of any certificate or permit, the Commission or its duly authorized agent may apply for the enforcement thereof to the district court of the United States for any district where such motor carrier or broker operates. In any proceeding instituted under the provisions of this subsection, any person, or persons, acting in concert or participating with such carrier or broker in the commission of such violation may, without regard to his or their residence, be included, in addition to the motor carrier or broker, as a party, or parties, to the proceeding. The court shall have jurisdiction to enforce obedience to any such provision of this part, or of such rule, regulation, requirement, order, term, or condition by a writ of injunction or by other process, mandatory or otherwise, restraining such carrier or broker, his or its officers, agents, employees, and such other person, or persons, acting in concert or participating with such carrier or broker, from further violation of such provision of this part, or of such rule, regulation, requirement, order, term, or condition and enjoining upon it or them obedience thereto. . . .

relief necessary to give effect to the obvious intent of Congress. While such relief is equitable in nature, it need not be subject to the traditional restraints—proof of irreparable harm, balancing of equities, etc.—normally imposed upon equitable remedies. *See* United States v. City and County of San Francisco, 310 U.S. 16, 30–31, 60 S.Ct. 749; 84 L. Ed. 1050 (1940); Lathan v. Volpe, 455 F.2d 1111, 1116 (9th Cir., 1971). We stress, however, that the case with which we are dealing involves a cooperative association which has filed notice with the Commission pursuant to Section 203(b)(5) of the Act, and we express no opinion on the scope or availability of injunctive relief under other circumstances.

Reversed and Remanded.