**INTERSTATE COMMERCE COMMISSION, Plaintiff-Appellee,**

v.

**BEEHIVE STATE AGRICULTURAL CO-OPERATIVE, INC., a corporation, Defendant-Appellant.**

No. 76–1850 (C76–61).

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Jan. 24, 1978.

Decided May 1, 1978.

 

Wendell P. Ables, Salt Lake City, Utah, for defendant-appellant.

Robert S. Griswold, Jr., I.C.C., San Francisco, Cal. (Stephen T. Rudman, I.C.C., San Francisco, Cal., Stanley M. Braverman and Robert S. Turkington, I.C.C., Washington, D. C., on brief), for plaintiff-appellee.

Before SETH, Chief Judge, LEWIS and BARRETT, Circuit Judges.

LEWIS, Circuit Judge.

Beehive State Agricultural Cooperative appeals from a judgment of the district court granting a permanent injunction restraining it from refusing to allow the Interstate Commerce Commission to inspect certain of its books and records. The ICC sought the injunction after attempting at various times since 1973 to inspect Beehive's records pertaining to its interstate trucking operation. Beehive has consistently refused the inspection, contending the ICC has no authority to inspect these records in the absence of Beehive's consent. The resolution of this appeal requires consideration of various provisions of the Interstate Commerce Act.

Beehive is an agricultural cooperative as defined in the Agricultural Marketing Act, 12 U.S.C. § 1141j.[1] Such cooperatives are generally exempt from the provisions of the Interstate Commerce Act relating to motor carriers. 49 U.S.C. § 303(b)(5). The exemption is by no means complete, however, as evidenced by the various provisos to § 303(b)(5). The proviso relevant to this appeal requires that cooperatives engaging in interstate transportation for nonmembers who are neither farmers nor cooperative associations must notify the ICC of their intent to perform such transportation. The ICC then has authority to inspect the cooperative's books and records pertaining to that activity. *Id.* § 320(g). Beehive falls within these provisions as it admittedly en-

---

1. The district court found this to be the fact for purposes of this case only. Our statement is similarly limited.

gages in interstate transportation for non-members who are neither farmers nor cooperatives. There is no dispute then, that the ICC has the authority to inspect Beehive's books. The issue in this appeal is whether the ICC can force inspection by injunction when Beehive refuses to allow it voluntarily.

The section giving the ICC authority to inspect an agricultural cooperative's books and records was added by amendment in 1968. Prior to that time the ICC only had authority to inspect the books of "motor carriers", "lessors", and "brokers". *Id.* § 320(d). This right to inspect could be enforced against motor carriers and brokers by injunction. *Id.* § 322(b)(1). When Congress added the amendment authorizing the ICC to inspect a cooperative's books it failed to similarly amend the injunction provision. As the statute now stands, the ICC has authority to inspect but no specific power to force the inspection when it is not voluntarily permitted. The issue is thus one of remedy, not right.

The Ninth Circuit has previously considered the issue presented by this appeal. *See ICC v. Big Valley Growers Co-op,* 9 Cir., 493 F.2d 888. *See also Midwest Growers Co-op Corp. v. Kirkemo,* 9 Cir., 533 F.2d 455, 461. The court in *Big Valley* held that it was within their equitable powers to imply the injunctive relief necessary to enforce the Commission's authority to inspect. The court suggested that the failure to amend the injunction provision to coincide with the expanded authority to inspect was due to legislative oversight and the implied right to seek injunctive relief was necessary to give effect to Congress' intent. We are in substantial agreement with this reasoning.

■ In reviewing the legislative history of the 1968 amendments, it seems clear the main purpose of the amendments was to restrict the agricultural cooperative exemption in the motor carriers section of the Interstate Commerce Act. *See* H.R. Rep.No. 1667, 90th Cong., 2d Sess., 1968 U.S.Code Cong. & Admin.News, p. 2766. The principal restriction placed on coopera-

tives limited their interstate transportation for nonmembers who are neither farmers nor cooperatives to 15% of their total interstate transportation. 49 U.S.C. § 303(b)(5). Little attention was given to the amendment to § 320 giving the ICC authority to inspect the transportation records of cooperatives. The conclusion is inescapable, however, that the authority to inspect was granted as a means of regulating the exemption and enforcing the new limitations on interstate transportation by cooperatives. It seems inconceivable that Congress would grant the authority to accomplish this important aim and then purposely withhold any effective means of enforcing that authority. *See ICC v. Big Valley Growers Co-op, supra,* at 890–91.

■ Beehive makes a two-pronged argument as to why the ICC should not have the remedy sought in this case. Beehive first suggests that because the injunction provision does not specifically cover agricultural cooperatives the district court had no jurisdiction to grant such relief. Second, Beehive argues the district court had no power to exercise injunctive relief to correct legislative oversight. We have no quarrel with Beehive's repeated assertions that federal courts are courts of limited jurisdiction. The court's equity jurisdiction is broad, however, and where the exercise of equity is necessary to effectuate congressional purpose, the court is not rigidly confined in its choice of remedies. *See Renegotiation Board v. Bannercraft Co.,* 415 U.S. 1, 16–20, 94 S.Ct. 1028, 39 L.Ed.2d 123; *Mitchell v. Robert DeMario Jewelry,* 361 U.S. 288, 290–92, 80 S.Ct. 332, 4 L.Ed.2d 323. The 1968 amendments would be of little consequence if the ICC could not force an inspection. Congress did not intend to create a sterile right.

The district court had both jurisdiction to entertain the ICC petition and to grant injunctive relief.

Affirmed.